IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ARMSTRONG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-887-DRH |
| | ) |
| SHELTON FREY and LISA MADIGAN, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, an inmate in the Tamms Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of a disciplinary proceeding. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and all exhibits filed in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

This action arises from a disciplinary ticket that was first written on September 10, 2002. According to the ticket, a sealed letter was found in Petitioner's outgoing mail that bore another inmate's return address. That letter contained certain references to gang activity, as well as a threat against the warden's life; the letter later was confirmed to be in Petitioner's handwriting. Petitioner

was charged with gang activity, abuse of privilege, and trading or trafficking. The first hearing was held on September 17, 2002; that hearing was continued due to the severity of the charges so that Internal Affairs could conduct an investigation. The hearing was reconvened on October 7, 2002, and Petitioner was found guilty of all three charges; he was punished with one year across the board.

Following Petitioner's appeal through the grievance process, the ticket was rewritten to include more specifics regarding the content of the letter. A new hearing was held on November 11, 2002; again, Petitioner was found guilty, and the same punishment was imposed. Petitioner appealed again, although no copies of those proceedings are included in the case file. It appears that the matter was once again remanded for further proceedings; a third hearing was held on December 16, 2004. Once again, Petitioner was found guilty; a six-month restriction on contact visits was imposed in addition to the original sanctions. The summary of that hearing was rewritten on January 5, 2005, to include witness statements and further clarify the reasons behind the guilty finding. Petitioner's grievance over this final disposition was denied; he then challenged this disciplinary action through the state courts, albeit unsuccessfully. In the instant action, Petitioner raises three grounds for relief: (1) denial of witnesses following the administrative remand, (2) insufficiency of the disciplinary reports, and (3) withholding of evidence.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or

> the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.

In this case, the summary reports from the first two hearings indicate that Petitioner did not request any witnesses. The final report, following the 2004 hearing, does include witness statements, thus contradicting Petitioner's assertion that he was denied the right to present witness statements in his defense. Although those statements were in Petitioner's favor, the Constitution does not require that the trier of fact should believe those witnesses in favor of other witnesses.

Petitioner's next argument, regarding the insufficiency of the disciplinary reports, is not completely clear. He states that "the committee persistently found Petitioner guilty of the charges in spite of the report failure to state that this letter came from Armstrong." However, the original ticket clearly states that the sealed envelope was included in Petitioner's outgoing mail, and the summary reports state that the letter in the envelope was verified to be in Petitioner's handwriting. This evidence is more than sufficient to support the finding of guilt.

Petitioner's final claim is that the full contents of the letter were not disclosed to him, and that such nondisclosure was a *Brady* violation. Although Petitioner omits a case citation, the Court assumes that he refers to *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the disclosure of

material, exculpatory evidence to a defendant in a criminal proceeding. That rule does apply to prison disciplinary proceedings. *See, e.g., Piggie v. Cotton,* 344 F.3d 674, 678-79 (7th Cir. 2003); *Chavis v. Rowe*, 643 F.2d 1281 (7th Cir. 1981). However, Petitioner makes no allegation that the letter in question contained any exculpatory evidence, be it material or immaterial. Thus, this argument, like the others discussed above, cannot provide him with a basis for expunging the disciplinary ticket.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   October 17, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**